IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDREY ROBINSON BENAMARA,<br>      Plaintiff,<br><br>     v.<br><br>PLAN ADMINISTRATORS OF MELLON<br>LONG TERM DISABILITY PLAN,<br>MELLON LONG TERM DISABILITY<br>PLAN, and MELLON FINANCIAL<br>CORPORATION,<br>      Defendants. | Civil Action No. 05-1433 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                              February 3, 2006

      This is an action for recovery of long term disability benefits under a qualified benefit plan within the meaning of ERISA.  Plaintiff has brought claims under sections 1132(a)(1)(B) and 1132(a)(3) of the Employment Retirement Income Security Act of 1974.  29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).  Plaintiff claims that defendants wrongfully terminated her benefits based on incorrect factual findings, and manipulated, deficient, and unfair procedures.  Plaintiff seeks past due benefits and an order designating her to be an eligible participant entitled to monthly benefit payments from the Plan in the future.

      Defendants Plan Administrators of Mellon Long Term Disability Plan and Mellon Financial Corporation ("Moving Defendants") have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [doc. no. 3].  Moving Defendants argue

that they are not proper parties to this ERISA action. According to Moving Defendants, only the Plan itself may be sued for recovery of past due benefits. Plaintiff contends that it is premature to dismiss the Moving Defendants because the facts regarding their discretionary authority over the Plan are, as yet, undetermined.

For the reasons set forth below, the motion will be denied.

I.      FACTUAL BACKGROUND

Plaintiff began working for Mellon Bank in 1978. In 2001 plaintiff quit her job as an Advisor Service Officer due to extreme abdominal pain and severe diarrhea. She was approved for short term disability in January of 2002 and long term disability in July of 2002. In October of 2004 plaintiff was notified that her long term disability benefits would be terminated.

Plaintiff appealed the termination decision. Plaintiff's appeal was denied on July 20, 2005. Plaintiff contends that the reports upon which the plan administrators relied in terminating her benefits and denying her appeal contained factual and medical inaccuracies, and were not supplied to her in advance of the decision so that she could correct and/or rebut them. Plaintiff alleges that defendants' decision was arbitrary and capricious, made in bad faith, and contrary to the evidence.

## II. STANDARD OF REVIEW

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff in order to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988). The proper inquiry is "whether relief could be granted...'under any set of facts that could be proved consistent with the allegations'". Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3d Cir. 1994).

## III. DISCUSSION

Based on this legal standard, the facts pled in the complaint, and the relevant case law, we cannot say at this point in the proceedings that there is no possibility that plaintiff will be entitled to relief against the Moving Defendants. Plaintiff has brought her complaint under both section 1132(a)(1)(B) and section 1132(a)(3) of ERISA. The Court of Appeals for the Third Circuit has not determined whether a plan is the only proper defendant in a suit to recover benefits under

section 1132(a)(1)(B). The district courts in this circuit are split on the issue.

However, we note that in those decisions dismissing employers or plan administrators, the district court has relied on the fact that plaintiff did not bring a separate cause of action under section 1132(a)(3) in reaching its conclusion. Smith v. Duquesne Light Co., 04-0714, Memorandum Opinion and Order of Court at p. 5 (Judge McVerry, April 21, 2005); Petroff v. Verizon North, Inc., et al., 02-0318, Memorandum Opinion at pp. 4-5 (Judge McLaughlin, June 10, 2003). In this case, plaintiff has brought her claim under section 1132(a)(3). She has included allegations accusing all defendants of manipulating the decision process. Because we cannot make a determination, at this early stage in the case, of Moving Defendants' exact role in operating the plan and, particularly, in plaintiff's decision and appeal process, we cannot find that they are improper parties. See Carducci v. Aetna Healthcare, et al., 247 F.Supp.2d 596, 609 (D.N.J. 2003), overruled on other grounds by Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005).

Finally, district courts in this circuit have also relied on the fact that a plaintiff has sought prospective relief in refusing to dismiss non-plan defendants from ERISA actions. Hoagland v. Erin, 2005 WL 1528383 (M.D. Pa. Jun. 28, 2005). In

this case, plaintiff has sought prospective relief in the form of a finding that she is a qualified beneficiary and is entitled to disability benefits in the future.

Under these circumstances, we will deny the Moving Defendants' motion to dismiss, without prejudice to their right to reassert these arguments in a properly supported motion for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDREY ROBINSON BENAMARA,<br>    Plaintiff,<br><br>    v.<br><br>PLAN ADMINISTRATORS OF MELLON<br>LONG TERM DISABILITY PLAN,<br>MELLON LONG TERM DISABILITY<br>PLAN, and MELLON FINANCIAL<br>CORPORATION,<br>    Defendants. | Civil Action No. 05-1433 |

ORDER

AND NOW, this 3rd day of February, 2006, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 3] is DENIED, without prejudice.

BY THE COURT,

_____, J.

cc:   All Counsel of Record

6